UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES C. CAVANAUGH,

                              Plaintiff,

v.                                        Civil Action No. _____

NATIONAL RECOVERY SERVICES LLC,

                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff James C. Cavanaugh is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant National Recovery Services LLC, (hereinafter "NRS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Manufactures & Traders Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Manufactures & Traders Bank to collect on the subject debt.

13. That on or about March 27, 2009 Defendant called Plaintiff's place of employment and spoke to a co-worker. Defendant identified themselves to said co-worker as "National Recovery Services" and stated they were trying to contact Plaintiff because he needed to sign paperwork regarding M&T Bank. Defendant did not specifically disclose that they were a debt collector or that they were attempting to collect a debt.

14. That immediately after being informed of said telephone message, Plaintiff called Defendant and asked them not to call him at home or at work.

15. That Defendant never mailed Plaintiff a written notice as required by 15 U.S.C.§1692g.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b) by communicating with Plaintiff's co-worker for purposes other than to obtain location information for Plaintiff.

    B. Defendant violated 15 U.S.C.§1692g by failing to mail Plaintiff a written notice as required by that section of law within five days of their first communication to him.

    C. Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in their communication to Plaintiff, made through his co-worker, that they were a debt collector.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 28, 2009

/s/ Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com